## Burks *v.* Goodbar.

Opinion delivered December 9, 1893.

*Assignment—Withholding assets.*

    In order to defeat an assignment on the ground of a fraudulent withholding of assets, the property withheld must be such as would have been of value to creditors.

Appeal from Drew Circuit Court.

DAVID A. GATES, Special Judge.

*J. M. & J. G. Taylor* for appellant.

The withholding must be of something *of value* to the creditors.   46 Ark. 405.

*Wells & Williamson*, for appellees.

The notes were valuable, and their withholding was a fraud on creditors.   46 Ark. 405 ; 53 *id.* 81.

JOHN B. JONES, Special Judge.   F. M. Baxter made an assignment to appellant, Burks, for the benefit of his creditors.   The property consisted mainly of a stock of goods.   The deed is in form a general assignment with preferred creditors.   Appellees sued out an attachment, and levied on the goods assigned.   The cause was tried by the court.   On the trial of the cause, appellees claimed the assignment void for several reasons.   We deem it necessary to mention but one.   The evidence shows that several years ago Baxter purchased from Tillar two lots in the town of Monticello for $360, and received a title bond, and had since kept the interest paid, but at date of the assignment owed Tillar all the principal. Sometime before the assignment, Baxter sold the lots to Smith for $550, and received cash something over $80, and took two notes each for $200 and one for $60 and executed a bond for title to Smith.   The deed of assignment reserved one of these $200 notes, and household goods, amounting in the aggregate to not more than $500 in value, as exempt.   The other two Smith notes amounting to $260 with some interest were withheld from the assignment.   Baxter swore he held these notes out for Tillar to pay the purchase money due him ; that he did not consider them worth anything except in that way, as he had no title to the land, and had only given Smith a bond for title ; that Tillar afterwards desired him to collect the notes, and pay him the money, rather than take the notes himself.

The court held this to be a fraudulent withholding of assets from Baxter's creditors, and adjudged the assignment void.

Smith could not have been compelled to pay the notes ($260) until title was furnished him ·to the lots by payment to Tillar of the $360 purchase money. The other $200 note was exempt. The withholding of the $260 notes, purchase money due Tillar, was not a fraudulent withholding of assets. The notes could have been of no value to Baxter's creditors. In order to defeat an assignment on the ground of a fraudulent withholding of assets, the property withheld must be such as would have been of value to the creditors.

The judgment is reversed.